Jim WILLET, Appellant,

v.

Thomas COLE, Jr., M.D., Appellee.

No. 10–07–00244–CV.

Court of Appeals of Texas,
Waco.

Jan. 23, 2008.

4. *Id.*

5. *See id.*

6. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

David W. Moorman, Haney Kraemer & Moorman, Huntsville, for appellant.

Lanny D. Ray, Cantrell Ray Maltsberger & Barcus LLP, Huntsville, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

In this appeal from an election contest, Jim Willet, Appellant here and Contestee below, challenges the trial court's determination of non-residency for voting purposes of two voters in Ward One of the city of Huntsville, Texas. Willet seeks reversal of the trial court's order that voided the election because two of the challenged voters were not residents of Ward One and thus were ineligible to vote in this race. We will affirm.

### Background

On May 12, 2007, Huntsville held its Ward One city council election. Ward One consists of a single precinct and is located, of course, entirely within the city limits. After a recount, the final canvass was 248 votes for Willet and 247 votes for Thomas Cole. Cole immediately filed an election

contest challenging the result on the ground that the final canvass's one-vote margin included at least two illegal votes. Two of the challenged voters were Dr. Basil Long and his wife Carolyn Long. The Longs had voted using as their residence address 1411 Fourteenth Street, which is in Ward One. At trial evidence was presented through public records and the homestead affidavit of the Longs that their residence homestead is north of the city of Huntsville—thus, not in Ward One. Cole also presented evidence that the 1411 Fourteenth Street address was the Longs' veterinary clinic and kennel.

Before the trial started, the "Rule" regarding the sequestration of witnesses was invoked. Jack Wagner[1] testified on rebuttal that he was a printer and had printed materials for "The Long Vet Clinic." He testified that he had been in the Longs' vet clinic some fifty to one hundred times and had never seen Mrs. Long at the clinic in all of his visits. Two additional rebuttal witnesses, Bob Heartfield and Sandra Bell, testified. Both had been present as interested observers in the gallery during the morning phase of the trial but approached Cole during the lunch break to offer testimony to rebut statements that Dr. Long and his wife lived in the vet clinic. Heartfield and Bell left the courtroom during Cole's rebuttal evidence. Heartfield, over Willet's objection, testified that he was a longtime friend of the Longs, that he had been to both their home and the vet clinic, and that their home was located on Rosenwall Road, which is north of the city limits and not in Ward One. He reiterated on cross-examination that the Longs live and sleep at Rosenwall Road, which is where the Longs call home. Bell testified that Dr. Long had been her veterinarian for three years, that she had been through the entire clinic, and that it was solely a vet clinic and kennel with no sleeping facilities. Bell also testified that she had tried to vote from her business address in Ward One, but the election official would only allow her to register to vote using her residence address.

The court entered findings of fact and conclusions of law that at all relevant times the residence of the Longs was outside the city limits of Huntsville, making them ineligible to vote in Ward One, and therefore their votes were not legally countable.

## Applicable Law

To qualify as an eligible voter, a person must be a qualified voter the day the person offers to vote, a resident of the territory in which the person desires to vote, and meet any other legal voting requirements for that particular election. TEX. ELEC.CODE ANN. § 11.001(a)(1)-(3) (Vernon Supp.2006). If a person resides on property located in more than one territory, the person can choose in which territory to claim residency. *Id.* § 11.001(b).

The Texas Election Code defines residence as domicile; one's home and fixed place of habitation to which one intends to return after any temporary absence. *Id.* § 1.015(a) (Vernon 2003). It is determined in accordance with common-law rules, except as may be defined elsewhere in the code. *Id.* § 1.015(b).

A person does not forfeit residency by leaving the person's home for temporary purposes only. *Id.* § 1.015(c). Likewise, a person does not acquire residency in a place to which the person has come solely for temporary purposes without the intention of making that place home. *Id.* § 1.015(d). The term residence can be difficult to define. *Mills v.*

---

1. Wagner's correct name is Wagamon, but is referred to throughout the record as Wagner. We will refer to him as Wagner for consistency.

*Bartlett,* 377 S.W.2d 636, 637 (Tex.1964); *Slusher v. Streater,* 896 S.W.2d 239, 243 (Tex.App.-Houston [1st Dist.] 1995, no writ). Its meaning hinges on the circumstances surrounding the person involved and depends in great extent on the present intent of the individual. *Mills,* 377 S.W.2d at 637. Elements to be considered in determining a person's residence include volition, intention, and action. *Id.* One element alone is insufficient to establish residency; there must be a nexus among the elements to fix and determine a residence. *Id.* Evidentiary factors such as presence and intent may be established by conduct such as where a person sleeps and keeps personal belongings such as clothes and furniture. *Id.*

### Directed Verdict

■ Willet's first point argues that the trial court erred in overruling his motion for directed verdict because Cole, as the contestant, failed to raise a fact issue on whether the Longs resided at the vet clinic. Further, he argues that when an election officer permits a person to vote, a presumption arises that the action was proper and that the person is a legal voter. *See Solis v. Martinez,* 264 S.W.2d 956, 957 (Tex.Civ.App.-San Antonio 1954, pet. ref'd).

■ To set aside the outcome of the election, Cole bore the burden of proving (1) that violations of the Election Code occurred, and (2) that they materially affected the outcome of the election. Tex. Elec.Code Ann. § 221.003 (Vernon 2003); *Olsen v. Cooper,* 24 S.W.3d 608, 610 (Tex. App.-Houston [1st Dist.] 2000, no pet.);

*Honts v. Shaw,* 975 S.W.2d 816, 822 (Tex. App.-Austin 1998, no pet.); *Slusher,* 896 S.W.2d at 241. The outcome of an election is "materially affected" when a different and correct result would have been reached in the absence of the irregularities. *Olsen,* 24 S.W.3d at 610; *see also Slusher,* 896 S.W.2d at 241; *Guerra v. Garza,* 865 S.W.2d 573, 576 (Tex.App.-Corpus Christi 1993, writ dism'd w.o.j.); *Green v. Reyes,* 836 S.W.2d 203, 208–11 (Tex. App.-Houston [14th Dist.] 1992, no writ).

■ An election contestant's burden is a heavy one, and the declared results of an election will be upheld in all cases except where there is clear and convincing evidence [2] of an erroneous result. *Olsen,* 24 S.W.3d at 610. The clear and convincing standard requires more proof than the preponderance of the evidence standard in ordinary civil cases. *Id.* That standard is the degree of proof that will produce in the mind of the trier of fact a "firm belief or conviction" as to the truth of the allegations sought to be proved. *Id.* We review the record in an election contest to see whether the trial court abused its discretion. *Olsen,* 24 S.W.3d at 610; *Honts,* 975 S.W.2d at 822; *Slusher,* 896 S.W.2d at 241.

■ In reviewing the grant or denial of a directed verdict, an appellate court follows the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson,* 168 S.W.3d 802, 809–28 (Tex.2005). We must determine whether there is any evidence of probative force to raise a fact issue on the question presented. *Bostrom Seating, Inc. v. Crane Carri-*

---

**2.** The origin of the requirement that the plaintiff in an election contest prove the allegations by clear and convincing evidence is not clear to us. We find no such requirement in the applicable part of the Election Code. Tex. Elec.Code Ann. § 221.003 (Vernon 2003). The earliest case we have found imposing the burden is *Johnston v. Peters,* 260 S.W. 911, 916 (Tex.Civ.App.-San Antonio 1924, no writ). Thus, it appears to be a judge-made rule. Nevertheless, we have followed the majority of election-contest cases in reviewing this appeal under the higher standard.

*er Co.,* 140 S.W.3d 681, 684 (Tex.2004). We will credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. *City of Keller,* 168 S.W.3d at 827. A directed verdict is warranted when the evidence is such that no other verdict can be rendered and the moving party is entitled, as a matter of law, to judgment. *Byrd v. Delasancha,* 195 S.W.3d 834, 836 (Tex.App.-Dallas 2006, no pet.).

Willet contends that the only evidence that was presented was that Dr. Long had filed a homestead exemption on property outside of the Huntsville city limits and that this evidence was not enough to raise a fact issue under the clear and convincing burden of proof. He further argued that the testimony of Tom Cauthen, the Walker County Tax Assessor–Collector, reflected that a person can elect more than one homestead in Texas and that a homestead designation is not a definitive statement on voting residency. He claims that Cole presented insufficient evidence to overcome the presumption of validity that arises when an election officer permits a person to vote. Cole, however, points to the Longs' affidavit of "residence homestead," along with tax records and maps, demonstrating that the Longs swore and claimed a residence outside of the city. There was also ample evidence that the property at 1411 Fourteenth Street was only a vet clinic.

Although evidence was presented that the Longs receive some mail at the vet clinic address (namely the voter registration card using that address), the trial court did not err or abuse its discretion in concluding that the evidence raised a fact issue as to whether the Longs were eligible to vote in Ward One. We overrule Willet's first issue.

## The Rule

Willet's second point asserts that the trial court erred in allowing the testimony of witnesses who were present during the presentation of Cole's case-in-chief, after the Rule had been invoked. He argues that Cole improperly attempted to classify witnesses as rebuttal by contending that he had no way of knowing that Willet would put on evidence that the Longs resided at the 1411 Fourteenth Street vet clinic address.

The purpose of the Rule is to prevent witnesses from colluding about their testimony and to prevent witnesses from tailoring their answers in response to that of other witnesses. *Drilex Systems v. Flores,* 1 S.W.3d 112, 116 (Tex.1999); *see* Tex.R. Civ. P. 267(a), (d). A trial court's action concerning the Rule is reviewed for an abuse of discretion. *Drilex,* 1 S.W.3d at 117–18 (citing *Southwestern Bell v. Johnson,* 389 S.W.2d 645, 647–48 (Tex. 1965)).

When a complaint of a Rule violation is made, "the trial court may, taking into consideration all of the circumstances, allow the testimony of the potential witness, exclude the testimony, or hold the violator in contempt." *Id.* at 117. The circumstances to be considered "include, but are not limited to, whether the party calling the witness was at fault in causing or permitting the violation," and whether the Rule was violated with the "consent, connivance, procurement or knowledge" of the party or attorney who called the witness. *Id.* at 118.

A review of the pleadings makes it clear that Willet's contention that the Longs lived at the vet clinic was a surprise to Cole. Willet answered with only a general denial. It was not until trial that Willet argued that the vet clinic was the Longs' residence. The two rebuttal witnesses,

Bell and Heartfield, were surprised by this assertion and approached Cole to dispute Willet's assertion. We cannot say that the trial court abused its discretion in allowing Bell and Heartfield to testify. We overrule Willet's second issue.

### Sufficiency of the Evidence

Willet's third and final point contends that the evidence is legally and factually insufficient to support the trial court's sixth finding of fact [3] that the Longs resided at Rosenwall Road, north and outside of Huntsville and not at 1411 Fourteenth Street, the Longs' vet clinic.[4] As noted above, Cole had the burden to prove by clear and convincing evidence that the Longs did not reside at the vet clinic, thus making them ineligible to vote in the Ward One election.

In nonjury cases in which both findings of fact and a reporter's record have been filed, we must review the sufficiency of the evidence under the same standards utilized for jury-tried cases. *Slusher*, 896 S.W.2d at 241; *Stern v. Wonzer*, 846 S.W.2d 939, 942 (Tex.App.-Houston [1st Dist.] 1993, no writ). When a factfinder makes an affirmative finding that is required to be based on clear and convincing evidence, in conducting a legal sufficiency review we review all the evidence in the light most favorable to the finding, to determine whether reasonable and fair-minded people could have formed a firm belief or conviction regarding the finding being reviewed. *City of Keller*, 168 S.W.3d at 827;

see also *Qwest Int'l Communications, Inc. v. AT & T Corp.*, 167 S.W.3d 324, 326 (Tex.2005) (finding of malice).

When reviewing the factual sufficiency of the evidence to support a finding required to be based on clear and convincing evidence, we must give due consideration to any evidence the factfinder could reasonably have found to be clear and convincing. *J.F.C.*, 96 S.W.3d at 266–67. We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id.* The evidence is factually insufficient if, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of its finding is so significant that a factfinder could not have reasonably formed a firm conviction or belief. *Id.* (citing *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). Both legal and factual sufficiency reviews of a finding required to be based on clear and convincing evidence must take into consideration whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter required to be established by clear and convincing evidence. *J.F.C.*, 96 S.W.3d at 265–66; *C.H.*, 89 S.W.3d at 25.

In reviewing a court's factual determinations for an abuse of discretion, we may not substitute our judgment for that of the trial judge. *Kiehne v. Jones*, 247 S.W.3d 259, 263 (Tex.App.-El Paso 2007, pet. de-

---

**3.** That finding is: "Dr. Basil Long, DVM and Carolyn Long did not reside at 1411 14th Street in Huntsville, Texas, a veterinary clinic. Instead, at the time of the subject election, they resided in their publicly declared residence home at 428 Rosenwall Road, north and outside of Ward One and the city limits of Huntsville."

**4.** We review Willet's sufficiency complaints under an abuse of discretion standard of re-

view. *See In re Z.A.T.*, 193 S.W.3d 197, 202–04 (Tex.App.-Waco 2006, pet. denied); *In re A.C.S.*, 157 S.W.3d 9, 20 (Tex.App.-Waco 2004, no pet.). When a finding of fact is challenged and the standard of review is abuse of discretion, legal and factual sufficiency are factors that can be considered in determining whether an abuse of discretion has occurred. *A.C.S.*, 157 S.W.3d at 20.

■■■■■■■■■■■■■■■■■■■■

nied). We give a great deal of deference to the trial court, as the factfinder, in its determination of both the credibility of the witnesses and the weight of their testimony. *Id.*; *Slusher,* 896 S.W.2d at 245. Moreover, the trial court possesses the discretion to resolve any conflicts arising from the evidence. *Id.* Consequently, we may not overturn the trial court's ruling unless it is apparent from the record that the trial court could have reached only one result. *Id.*

■■■ Willet elicited testimony from Cauthen, the Walker County Tax Assessor–Collector, who said that a voter in Texas may have more than one residence for voting purposes. But Cole presented evidence from the phone directory and public records, including Dr. Long's homestead exemption affidavit, that the Longs' sole residence was outside of the city at Rosenwall Road and that 1411 Fourteenth Street is only a veterinary clinic and kennel. Further, Cole presented testimony from several witnesses who corroborated those facts without exception. The witnesses had been to both locations and testified that the Longs did not live, reside, sleep, or stay at the vet clinic. No evidence was presented that the Longs lived at the clinic; rather, the overwhelming evidence shows that their residence was outside the city.

Because the evidence is legally and factually sufficient to produce in the mind of the factfinder a firm belief or conviction that the Longs did not reside in Ward One and were therefore ineligible to vote in this election, the trial court did not abuse its discretion in overturning the election. Willet does not challenge the exercise of the trial court's discretion on any other basis. We overrule his third issue.

## Conclusion

Having overruled all of Willet's issues, we affirm the judgment of the trial court.

## Mandate

Cole's motion to issue the mandate immediately is granted, good cause therefor having been shown. The Clerk is directed to issue the mandate at the same time as our judgment affirming the trial court's judgment. TEX.R.APP. P. 18.1(c).

(With regard to the Court's ruling on the motion to immediately issue the mandate, and to limit the time before the final disposition of this proceeding, Chief Justice GRAY would shorten the time for filing a motion for rehearing to seven days after the date of the Court's judgment, ordering that any motion for rehearing must be received at the Court's offices by 3:00 PM on January 30, 2008. *See* TEX. R.APP. P. 49.4. If the motion for rehearing is not received by the date and time so designated, he would order that the Court's mandate issue on that date. *See* TEX.R.APP. P. 18.6. If a motion for rehearing is timely filed, the mandate will issue at the time of the disposition of the motion for rehearing. *Id.*)