IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00130-CV

 

Douglas Norton and Wife 

Tracy Norton,

                                                                                    Appellants

 v.

 

Key Energy Services, Inc.,

                                                                                    Appellee

 

 



From the 87th District Court

Freestone County, Texas

Trial Court No. 04-021-B

 



MEMORANDUM OPINION










 

        Douglas Norton is an officer
of Norton Transport, a corporation in the business of transporting oil-field
equipment.  Key contracted with Norton Transport to transport a generator
house, a housing for large electrical generators, from Key’s site to an oil
field.  While Douglas was supervising the unloading of the generator house, its
large door fell and struck his head.  Douglas sued Key for negligence and gross
negligence for not repairing the door.  A jury found Key and Douglas each 50%
responsible, and found damages for Douglas for past and future medical
expenses.  The trial court reduced the amount of medical expenses in accordance
with the parties’ stipulation, and otherwise rendered a judgment in Douglas’s favor in accordance with the verdict.

        Douglas and Key both appeal
for reversal of the trial court’s judgment.  Douglas complains of the trial
court’s instruction on negligence per se, and complains of the jury’s
finding of no damages for past and future pain and suffering and other elements
of damages; and prays that we remand.  Key complains of the trial court’s
rulings on Key’s motions for summary judgment, directed verdict, and judgment non
obstante veredicto; and prays that we render judgment that Douglas take nothing.  We reverse and render.

        In three issues, Key contends
that the trial court erred in overruling Key’s motions for summary judgment,[1] for directed verdict, and for judgment non obstante veredicto.

        “The standard for reviewing a
judgment notwithstanding the verdict, like all other motions rendering judgment
as a matter of law, requires a reviewing court to credit evidence favoring the
jury verdict if reasonable jurors could, and disregard contrary evidence unless
reasonable jurors could not.”  Cent. Ready Mix Concrete Co. v. Islas, 228
S.W.3d 649, 651 (Tex. 2007); accord City of Keller v. Wilson, 168 S.W.3d
802, 807, 810-15, 819 (Tex. 2005).  Likewise, a party “is entitled to a
directed verdict when reasonable minds can draw only one conclusion from the
evidence.”  Collora v. Navarro, 574 S.W.2d 65, 69 (Tex. 1978); see Wilson at 823-25, 827-28.

The task of an appellate court in such
a case is to determine whether there is any evidence of probative force to
raise fact issues on the material questions presented.  The court must consider
all of the evidence in the light most favorable to the party against whom the
verdict was instructed, discarding all contrary evidence and inferences. 

 

Collora at 68.  “A directed verdict is warranted when the
evidence is such that no other verdict can be rendered and the moving party is
entitled, as a matter of law, to judgment.”  Willet v. Cole, 249 S.W.3d
585, 590 (Tex. App.—Waco 2008, no pet.) (citing Byrd v. Delasancha, 195
S.W.3d 834, 836 (Tex. App.—Dallas 2006, no pet.)).  “When reasonable minds may
differ as to the truth of controlling facts, the issue must go to the jury.”  Collora
at 68.

        Norton’s cause of action was
for negligence.  “To establish negligence, a party must establish a duty, a
breach of that duty, and damages proximately caused by the breach.”  Kroger
Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam) (citing Werner
v. Colwell, 909 S.W.2d 866, 869 (Tex. 1995)); accord W. Invs., Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005); see Galveston City Ry. Co. v.
Hewitt, 67 Tex. 473, 478, 3 S.W. 705, 707 (1887).

        In Key’s first issue, it
argues that it had no duty to Douglas.  “A duty represents a legally
enforceable obligation to conform to a particular standard of conduct.”  Wheaton
Van Lines, Inc. v. Mason, 925 S.W.2d 722, 729 (Tex. App.—Fort Worth 1996,
writ denied); see McCullough v. Godwin, 214 S.W.3d 793, 805 (Tex.
App.—Tyler 2007, no pet.); Doe v. Boys Clubs of Greater Dallas, Inc., 868
S.W.2d 942, 948 (Tex. App.—Amarillo 1994), aff’d, 907 S.W.2d 472 (Tex.
1995); Castillo v. Sears, Roebuck & Co., 663 S.W.2d 60, 64 (Tex.
App.—San Antonio 1983, writ ref’d n.r.e.).   Key argues that it had no duty to
Douglas, Douglas being the employee of an independent contractor; or that Key
had “fulfilled and discharged” its duty, by virtue of Douglas’s knowledge of
the defective door.  (Cross-Appellant Br. at 5.)  

 

        Key argues, first, that
Douglas was an employee of Norton Transport and that Norton Transport was an
independent contractor of Key, and thus that Key owed no duty to Douglas.  Key cites Redinger v. Living, Inc., for the rule that “a contractor or
owner such as Key has no duty to the employee of an independent contractor
unless the contractor or owner maintains control over the relevant details of
the work being performed,” and Key argues that it had no responsibility for the
details of unloading the generator house.  (Cross-Appellant Br. at 14,
¶ 20 (citing Redinger v. Living, Inc., 689 S.W.2d 415, 418 (Tex.
1985))); see Cent. Ready Mix Concrete, 228 S.W.3d at 651.  A premises
owner or general contractor can be liable to its independent contractor’s
employees, “but only to the extent it retained contractual or actual control of
them.”  See Cent. Ready Mix Concrete at 651 (citing Shell Oil Co. v.
Khan, 138 S.W.3d 288, 292 (Tex. 2004)); accord Abalos v. Oil Dev. Co., 544
S.W.2d 627, 631-32 (Tex. 1976); Wallace v. S. Cotton-Oil Co., 91 Tex.
18, 21, 40 S.W. 399, 400-401 (1897).

        Douglas
concedes that he “worked for” Norton Transport.  (Cross-Appellees Br. at 3.)  It is also undisputed that Norton Transport was an independent contractor.  Douglas does not point to evidence that Key was in control of his activities, and we see
none.  Key does point to evidence that it was not in control of Douglas’s activities.  

        The evidence being considered
in the light most favorable to Douglas, Key nonetheless shows that it is
entitled, as a matter of law, to judgment.  

        Douglas does not join issue
with Key.  Douglas cites cases premised on respondeat superior, and
argues against that theory.  (Cross-Appellees Br. at 6-7 (citing, e.g.,
Taylor v. Sunbelt Mgmt., Inc., 905 S.W.2d 743, 744 (Tex. App.—Houston
[14th Dist.] 1995, no writ)).)  “Generally in Texas, the doctrine of vicarious
liability, or respondeat superior,” may “make[] a principal liable for the
conduct of his employee or agent.”  F.F.P. Operating Partners, L.P. v.
Duenez, 237 S.W.3d 680, 686 (Tex. 2007) (citing Baptist Mem’l Hosp. Sys.
v. Sampson, 969 S.W.2d 945, 947 (Tex. 1998)); accord Le Sage
v. Pryor, 137 Tex. 455, 459, 154 S.W.2d 446, 449 (1941).  Douglas attempts
to distinguish the rule cited by Key, arguing that his claim was not premised
upon “any potential vicarious liability arising out of the conduct of Norton
Transport, Inc. or . . . Doug Norton.”  (Cross-Appellees Br. at 7.)  But the rule cited by Key to defeat liability is not limited to respondeat-superior
cases.  Douglas fails to distinguish the rule cited by Key.  

        The trial court erred in
overruling Key’s motions for directed verdict and for judgment non obstante
veredicto.  We sustain Key’s first issue.

        Having sustained Key’s first
rendition issue, we need not consider Norton’s remand issues.

        Having sustained
Key’s first issue, we reverse and render judgment that Norton take nothing from
Key.

 

TOM GRAY

Chief Justice

 

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and rendered

Opinion delivered and filed June 25, 2008

[CV06]









          [1] “The
general rule is that a denial of a summary judgment is not reviewable on
appeal.”  Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex.
1996); see Baker Hughes, Inc. v. Keco R. & D., Inc. 12 S.W.3d 1, 5
(Tex. 1999); Wright v. Wright, 154 Tex. 138, 143, 274 S.W.2d 670, 674 (1955). 
To the extent that Key’s issues concern the denial of its motion for summary
judgment, we overrule them.