

IN THE
TENDTH COURT OF APPEALS

No. 10-09-00402-CV

IN THE INTEREST OF C.L.T. AND R.D.T., CHILDREN

From the 66th District Court
Hill County, Texas
Trial Court No. 44946

MEMORANDUM OPINION

C.L.T.'s father appeals the order terminating their parent-child relationship.[1] He contends in three issues that: (1) the court improperly denied his motion for directed verdict when the Department rested; (2) the court improperly denied his motion for directed verdict at the close of the presentation of all the evidence; and (3) the evidence is legally and factually insufficient. We will affirm.

We address the denial of a directed verdict under the same standard as we employ for a legal sufficiency analysis. *See Willet v. Cole*, 249 S.W.3d 585, 589 (Tex. App.—Waco 2008, no pet.); *Wagner v. Edlund*, 229 S.W.3d 870, 874 (Tex. App.—Dallas

---

[1] Neither the mother of C.L.T. and R.D.T. nor the father of R.D.T. perfected an appeal.

2007, pet. denied). Thus, we will address the first two issues simultaneously with the legal insufficiency component of the third issue.

## Standards of Review

For a legal sufficiency challenge, we view all the evidence in the light most favorable to the challenged findings to determine whether a factfinder could have reasonably formed a firm belief or conviction that the findings are true. *See In re J.L.*, 163 S.W.3d 79, 84-85 (Tex. 2005); *In re T.N.F.*, 205 S.W.3d 625, 630 (Tex. App.—Waco 2006, pet. denied).

For a factual sufficiency challenge, we "must give due deference" to the challenged findings. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

> The court should inquire "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the [ ] allegations." "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient."

*Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)); *accord T.N.F.*, 205 S.W.3d at 630.

## Predicate Ground

C.L.T.'s father "John"[2] was imprisoned before C.L.T. was born and remained incarcerated until about eight months after trial.[3] Thus, he contends that the evidence is legally and factually insufficient to establish any of the predicate grounds for

---

[2] To protect the identity of the child, we refer to the father by a pseudonym. See TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2009); TEX. R. APP. P. 9.8(b)(2).

[3] The bench trial was conducted at the end of September 2009. John testified that his mandatory release date would be May 29, 2010.

termination. The Department responds that the evidence is sufficient to establish that he engaged in conduct which endangered the physical or emotional well-being of C.L.T. *See* TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon Supp. 2010).

John has two convictions for burglary of a habitation and convictions for burglary of a vehicle, harassment, and failure to identify as a fugitive. He was placed on deferred adjudication probation for the first burglary of a habitation in 1993, but his deferred status was adjudicated after he committed the second burglary of a habitation. He was sentenced to eighteen years' imprisonment on the two burglary of a habitation charges, and he was also sentenced at that time on the burglary of a vehicle charge, but he did not testify regarding the length of that sentence. The trial court ordered the sentences to run concurrently.

John was released on parole in 2001. He was required to attend Alcoholics Anonymous meetings as a condition of parole.[4] C.L.T. was conceived while John was on parole. The mother told him C.L.T. was his child before his parole was revoked in 2006 for committing a misdemeanor theft.

John corresponded with Department workers on a fairly regular basis. He also wrote letters to the child's mother. But he had no contact with C.L.T. Neither did he provide any support for C.L.T. even though he knew before returning to prison that the child was to be born.

---

[4]     Viewed in the light most favorable to the court's finding, this is evidence that John has a substance abuse problem.

Under the applicable standards, the evidence is legally and factually sufficient to support the court's finding that John engaged in conduct which endangered C.L.T.'s physical or emotional well-being. *See In re D.W.*, No. 10-09-00188-CV, 2009 WL 5155890, at *3 (Tex. App.—Waco Dec. 30, 2009, no pet.).[5]

### Best Interest

John also argues that the evidence is legally and factually insufficient to prove that termination is in the best interest of the child.

We employ the familiar *Holley* factors when evaluating the sufficiency of the evidence to support a best-interest finding. *See Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976); *T.N.F.*, 205 S.W.3d at 632. We may also consider the factors listed in section 263.307 of the Family Code.[6] *See* TEX. FAM. CODE ANN. § 263.307 (Vernon 2009); *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam); *In re S.N.*, 272 S.W.3d 45, 51 (Tex. App.—Waco 2008, no pet.).

*Desires of the Child:* C.L.T. was almost three at the time of trial and not of sufficient maturity to express a preference. *See S.N.*, 272 S.W.3d at 51-52.

*Emotional and Physical Needs:* C.L.T. has the usual emotional and physical needs of a toddler. Because of John's incarceration, John had no resources available at the time of trial to provide for C.L.T.'s needs. John mentioned his father as a possible caregiver, but his father was ruled out after an unfavorable home study. John

---

[5] Because we have found the evidence legally and factually sufficient with regard to this predicate ground for termination, we need not examine the sufficiency of the evidence to support the other predicate grounds found by the court. *See In re S.N.*, 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.).

[6] Here, however, neither party relied on these statutory factors at trial or in their appellate briefs, so we will not address them.

suggested no other relatives as potential caregivers. This evidence supports the conclusion that John is presently unable to provide for C.L.T's emotional and physical needs. *See In re C.A.J.*, 122 S.W.3d 888, 893-94 (Tex. App.—Fort Worth 2003, no pet.).

*Emotional and Physical Danger:* Similarly, John's lack of resources and his inability to provide a home all support the conclusion that C.L.T's emotional and physical well-being would be at risk if Johns' rights were not terminated. *Id.*

*Parental Abilities:* C.L.T. is John's first child. However, he did testify that he helped care for his sister's three young children. He also testified that he took a parenting class in prison. Because this would be the first child John would have sole responsibility to care for and because of the limited evidence regarding the extent of his knowledge and experience caring for children, the evidence is conflicting on this factor. *See S.N.*, 272 S.W.3d at 53.

*Available Programs:* The record contains no evidence regarding programs available to John during the remainder of his incarceration or where John intended to move after being released. He merely testified that he planned to move in with an unnamed relative after his release until he could get a job and "get on my feet." The evidence relevant to this factor supports the best-interest finding. *Id.*

*Plans for Child:* John's plans for C.L.T. were sketchy at best. He could not say where (or with whom) he would live after his release. He understood that it would be difficult to find a job given the current economic climate. The evidence relevant to this factor supports the best-interest finding. *Id.*

*Stability of the Home:* John had no home at the time of trial and did not know where he would live when he was released. The evidence relevant to this factor supports the best-interest finding. *Id.*

*Acts and Omissions:* Most of the relevant conduct involves John's participation in criminal activity and alcohol abuse. He failed to communicate in any fashion with C.L.T. or support him in any manner. The evidence relevant to this factor supports the best-interest finding.

*Excuses:* John's primary excuse is that he was imprisoned for all of C.L.T.'s life up to the time of trial. This evidence does not support the best-interest finding. *See In re D.L.R.M.*, 84 S.W.3d at 281, 294 (Tex. App.—Fort Worth 2002, pet. denied) ("incarceration standing alone will not support termination of parental rights").

Under the applicable standards, the evidence is legally and factually sufficient to support the court's finding that termination of the parent-child relationship between John and C.L.T. is in C.L.T.'s best interest.

We overrule the issues presented and affirm the judgment.


                    FELIPE REYNA
                    Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
       (Chief Justice Gray concurs in the judgment to the extent it affirms the trial
court's judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed October 20, 2010
[CV06]