IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00402-CV

 

In
the Interest of C.L.T. and R.D.T., Children

 

 

 

 



From the 66th District
Court

Hill County, Texas

Trial Court No. 44946

 



MEMORANDUM  Opinion



 








            C.L.T.’s father appeals the
order terminating their parent-child relationship.[1] 
He contends in three issues that: (1) the court improperly denied his motion
for directed verdict when the Department rested; (2) the court improperly
denied his motion for directed verdict at the close of the presentation of all the
evidence; and (3) the evidence is legally and factually insufficient.  We will
affirm.

            We address the denial of a
directed verdict under the same standard as we employ for a legal sufficiency
analysis.  See Willet v. Cole, 249 S.W.3d 585, 589 (Tex. App.—Waco
2008, no pet.); Wagner v. Edlund, 229 S.W.3d 870, 874 (Tex. App.—Dallas 2007, pet. denied).  Thus, we will address
the first two issues simultaneously with the legal insufficiency component of
the third issue.

Standards of Review

            For a legal sufficiency
challenge, we view all the evidence in the light most favorable to the
challenged findings to determine whether a factfinder could have reasonably
formed a firm belief or conviction that the findings are true.  See In
re J.L., 163 S.W.3d 79, 84-85 (Tex. 2005); In re T.N.F.,
205 S.W.3d 625, 630 (Tex. App.—Waco 2006, pet. denied).

            For a factual sufficiency
challenge, we “must give due deference” to the challenged findings.  In re
H.R.M., 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

The court should inquire “whether the
evidence is such that a factfinder could reasonably form a firm belief or
conviction about the truth of the [ ] allegations.”  “If, in light of the
entire record, the disputed evidence that a reasonable factfinder could not
have credited in favor of the finding is so significant that a factfinder could
not reasonably have formed a firm belief or conviction, then the evidence is
factually insufficient.”

 

Id. (quoting In re J.F.C., 96 S.W.3d 256, 266 (Tex.
2002); In re C.H., 89 S.W.3d 17, 25 (Tex. 2002)); accord T.N.F.,
205 S.W.3d at 630.

Predicate Ground

            C.L.T.’s father “John”[2]
was imprisoned before C.L.T. was born and remained incarcerated until about
eight months after trial.[3] 
Thus, he contends that the evidence is legally and factually insufficient to
establish any of the predicate grounds for termination.  The Department
responds that the evidence is sufficient to establish that he engaged in
conduct which endangered
the physical or emotional well-being of C.L.T.  See Tex. Fam. Code Ann. § 161.001(1)(E)
(Vernon Supp. 2010).

            John has two convictions for
burglary of a habitation and convictions for burglary of a vehicle, harassment,
and failure to identify as a fugitive.  He was placed on deferred adjudication probation
for the first burglary of a habitation in 1993, but his deferred status was
adjudicated after he committed the second burglary of a habitation.  He was
sentenced to eighteen years’ imprisonment on the two burglary of a habitation
charges, and he was also sentenced at that time on the burglary of a vehicle
charge, but he did not testify regarding the length of that sentence.  The
trial court ordered the sentences to run concurrently.

            John was released on parole
in 2001.  He was required to attend Alcoholics Anonymous meetings as a
condition of parole.[4] 
C.L.T. was conceived while John was on parole.  The mother told him C.L.T. was
his child before his parole was revoked in 2006 for committing a misdemeanor
theft.

            John corresponded with
Department workers on a fairly regular basis.  He also wrote letters to the
child’s mother.  But he had no contact with C.L.T.  Neither did he provide any
support for C.L.T. even though he knew before returning to prison that the
child was to be born.

            Under the applicable
standards, the evidence is legally and factually sufficient to support the
court’s finding that John engaged in conduct which endangered C.L.T.’s physical
or emotional well-being.  See In re D.W., No. 10-09-00188-CV,
2009 WL 5155890, at *3 (Tex. App.—Waco Dec. 30, 2009, no pet.).[5]

Best Interest

            John also argues that the
evidence is legally and factually insufficient to prove that termination is in
the best interest of the child.

            We employ the familiar Holley
factors when evaluating the sufficiency of the evidence to support a best-interest
finding.  See Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976);
T.N.F., 205 S.W.3d at 632.  We may also
consider the factors listed in section 263.307 of the Family Code.[6] 
See Tex. Fam. Code Ann. §
263.307 (Vernon 2009); In re R.R., 209 S.W.3d 112, 116 (Tex. 2006) (per
curiam); In re S.N., 272 S.W.3d 45, 51 (Tex. App.—Waco 2008, no pet.).

            Desires of the Child:
C.L.T. was almost three at the time of trial and not of sufficient maturity to
express a preference.  See S.N., 272 S.W.3d at 51-52.

            Emotional and Physical
Needs: C.L.T. has the
usual emotional and physical needs of a toddler.  Because of John’s
incarceration, John had no resources available at the time of trial to provide
for C.L.T.’s needs.  John mentioned his father as a possible caregiver, but his
father was ruled out after an unfavorable home study.  John suggested no other
relatives as potential caregivers.  This evidence supports the conclusion that John
is presently unable to provide for C.L.T’s emotional and physical needs.  See
In re C.A.J., 122 S.W.3d 888, 893-94 (Tex. App.—Fort Worth 2003, no
pet.).

            Emotional and Physical
Danger: Similarly, John’s lack of resources and his inability to provide a
home all support the conclusion that C.L.T’s emotional and physical well-being
would be at risk if Johns’ rights were not terminated.  Id.

            Parental Abilities: C.L.T.
is John’s first child.  However, he did testify that he helped care for his
sister’s three young children.  He also testified that he took a parenting
class in prison.  Because this would be the first child John would have sole
responsibility to care for and because of the limited evidence regarding the
extent of his knowledge and experience caring for children, the evidence is
conflicting on this factor.  See S.N., 272 S.W.3d at 53.

            Available Programs: The
record contains no evidence regarding programs available to John during the
remainder of his incarceration or where John intended to move after being
released.  He merely testified that he planned to move in with an unnamed
relative after his release until he could get a job and “get on my feet.”  The
evidence relevant to this factor supports the best-interest finding.  Id.

            Plans for Child: John’s
plans for C.L.T. were sketchy at best.  He could not say where (or with whom)
he would live after his release.  He understood that it would be difficult to
find a job given the current economic climate.  The evidence relevant to this
factor supports the best-interest finding.  Id.








            Stability of the Home: John had no home at the time of trial
and did not know where he would live when he was released.  The evidence relevant
to this factor supports the best-interest finding.  Id.

            Acts and Omissions: Most
of the relevant conduct involves John’s participation in criminal activity and
alcohol abuse.  He failed to communicate in any fashion with C.L.T. or support
him in any manner. The evidence relevant to this factor supports the
best-interest finding.

            Excuses: John’s primary excuse is that he was
imprisoned for all of C.L.T.’s life up to the time of trial.  This evidence
does not support the best-interest finding.  See In re D.L.R.M., 84
S.W.3d at 281, 294 (Tex. App.—Fort Worth 2002, pet. denied) (“incarceration
standing alone will not support termination of parental rights”).

            Under the applicable
standards, the evidence is legally and factually sufficient to support the
court’s finding that termination of the parent-child relationship between John
and C.L.T. is in C.L.T.’s best interest.

We overrule the issues presented and affirm
the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief Justice Gray concurs in the
judgment to the extent it affirms the trial court’s judgment.  A separate
opinion will not issue.)

Affirmed

Opinion delivered
and filed October 20, 2010

[CV06]            









[1]
              Neither the mother
of C.L.T. and R.D.T. nor the father of R.D.T. perfected an appeal.





[2]               
To protect the identity of the
child, we refer to the father by a pseudonym.  See TEX. FAM. CODE ANN. §
109.002(d) (Vernon 2009); TEX. R. APP. P. 9.8(b)(2).

 





[3]
              The bench trial was
conducted at the end of September 2009.  John testified that his mandatory
release date would be May 29, 2010.





[4]
              Viewed in the light
most favorable to the court’s finding, this is evidence that John has a
substance abuse problem.





[5]
              Because we have
found the evidence legally and factually sufficient with regard to this
predicate ground for termination, we need not examine the sufficiency of the
evidence to support the other predicate grounds found by the court.  See
In re S.N., 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.).

 





[6]
              Here, however,
neither party relied on these statutory factors at trial or in their appellate
briefs, so we will not address them.