



# MEMORANDUM OPINION

No. 04-12-00469-CV

Armando **BARRERA**,
Appellant

v.

Carlos Omar **GARCIA**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 12-07-51258
Honorable Don Wittig, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

Delivered and Filed:  September 19, 2012

AFFIRMED

This appeal arises from an election contest challenging the outcome of the vote in the Democratic Party Primary for the Office of District Attorney for the 79th Judicial District. Armando Barrera contends the trial court abused its discretion in not declaring him the winner of the primary because 59 ballots were duplicated contrary to section 127.126 of the Texas Election

Code and 14 eligible votes were not counted. We overrule Barrera's first issue and affirm the trial court's judgment.[1]

## BACKGROUND

After a recount, Carlos Omar Garcia was declared the winner in the Democratic Party Primary for the Office of District Attorney for the 79th Judicial District by 19 votes. Barrera filed an election contest challenging the outcome. Pertinent to this appeal, Barrera challenged the manner in which 59 mail-in ballots were duplicated and the failure to count an additional 14 ballots. If the 59 mail-in ballots were excluded from the vote count, the vote for the two candidates would result in a tie; however, if the 14 uncounted ballots were also counted, Barrera asserts he would be declared the winner by 14 votes.

The original mail-in ballots sent by the county elections officer for Jim Wells County, which is included in the 79th Judicial District, omitted a candidate's name in an unrelated race. Although corrected ballots were mailed, 59 of the original ballots that had excluded the name were returned. These ballots could not be counted by the machine because the machine was calibrated to count the corrected ballot. Accordingly, the votes from the original ballots were duplicated to enable them to be counted. The original ballots were kept in a separate box. The duplicate ballots could be identified because they were the only mail-in ballots that were not folded. Finally, Barrera stipulated that the duplicate ballots were accurate copies of the original ballots.

After hearing the evidence presented in the election contest, the trial court overruled the contest.

---

[1] We do not address Barrera's second issue because it is not necessary to the disposition of this appeal. TEX. R. APP. P. 47.1.

**STANDARD OF REVIEW**

A judgment in an election contest is reviewed for abuse of discretion. *Reese v. Duncan*, 80 S.W.3d 650, 655 (Tex. App.—Dallas 2002, pet. denied); *Tiller v. Martinez*, 974 S.W.2d 769, 772 (Tex. App.—San Antonio 1998, pet. dism'd w.o.j.). A trial court abuses its discretion with regard to the resolution of factual issues if the trial court could reasonably have reached only one decision which is contrary to the decision reached. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id*. at 840. "Thus a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id*.

**ELECTION CONTEST**

In order for the outcome of an election to be set aside, the contestant has the burden of proving: (1) violations of the Election Code occurred; and (2) those violations materially affected the outcome of the election. *Willet v. Cole*, 249 S.W.3d 585, 589 (Tex. App.—Waco 2008, no pet.); *Garza v. Alcala*, No. 04-04-00855-CV, 2006 WL 1080241, at *2 (Tex. App.—San Antonio Apr. 26, 2006, no pet.) (mem. op.). "The outcome of an election is 'materially affected' when a different and correct result would have been reached in the absence of the irregularities." *Willet*, 249 S.W.3d at 589.

An election contestant's burden is a heavy one, and the declared results of an election will be upheld in all cases except where there is clear and convincing evidence of an erroneous result. *Willet*, 249 S.W.3d at 589; *Garza*, 2006 WL 1080241, at *2. The clear and convincing standard requires more proof than the preponderance of the evidence standard applicable in most civil cases. *Willet*, 249 S.W.3d at 589; *Garza*, 2006 WL 1080241, at *2. To be clear and convincing, the evidence must produce in the mind of the trier of fact a firm belief or conviction

as to the truth of the allegations sought to be proved. *Willet*, 249 S.W.3d at 589; *Garza*, 2006 WL 1080241, at *2.

## SECTION 127.126

Section 127.126(a) of the Texas Election Code gives the manager of a central counting station the discretion to have ballots duplicated for automatic counting. TEX. ELEC. CODE ANN. § 127.126(a) (West 2010). Barrera's argument regarding the duplication of the 59 mail-in ballots is based on section 127.126(e) of the Texas Election Code, which provides, "Each duplicate ballot must be clearly labeled 'Duplicate' and must bear the serial number of the original ballot." *Id*. at § 127.126(e). Barrera's argument is premised on the language in section 127.126(e) being mandatory, thereby invalidating duplicate ballots that are not labeled "Duplicate" or do not contain the serial number of the original ballot.

This premise for Barrera's argument is, however, contrary to the general rule of statutory interpretation with regard to election law. "The general rule of interpretation is that the election laws are to be construed as directory in the absence of fraud or a mandatory provision which requires the voiding of a ballot for failure to comply with its provisions." *Reese v. Duncan*, 80 S.W.3d at 658 (quoting *Kelley v. Scott*, 733 S.W.2d 312, 313-14 (Tex. App.—El Paso 1987, writ dism'd)). As this court has previously explained:

> The general rule is that the performance of duties placed upon the election officials are directory, unless made mandatory by statute, while those placed upon the voters are mandatory. It has been said many times by our courts that the object of every popular election is to ascertain the will of the qualified electors in the area to be affected thereby upon the issue or issues submitted to them. Our courts have also said that statutory enactments concerning elections must be strictly enforced to prevent fraud but liberally construed in order to ascertain and effectuate the will of the voters. The rule is that statutes regulating the manner of holding an election are merely directory and a departure from their provisions will not ordinarily invalidate an election, unless such departure or such irregularities have affected or changed the results of the election.

> This court in *Fugate v. Johnson*, 251 S.W.2d 792 (Tex. Civ. App.—San Antonio 1952, no writ), stated that the aim of the Election Code is to safeguard the purity of the ballot box and at the same time to see that the will of the people shall prevail. The purpose of the Code is to prohibit error, fraud, mistake, and corruption, and yet it may not be used as an instrument of disfranchisement for irregularities of procedure. Since the will of the legal voters as expressed at the polls is the matter of paramount concern, and, in the absence of any showing of fraud, or reasonable indication that such will has not been fairly expressed and the evidence thereof properly preserved, the courts have been liberal in construing and enforcing as directory only the provisions of the election laws which are not upon their face clearly mandatory. *Id*. at 793.

*Prado v. Johnson*, 625 S.W.2d 368, 369-70 (Tex. Civ. App.—San Antonio 1981, writ dism'd). In this case, Barrera stipulated the original mail-in ballots were accurately duplicated, and section 127.126 does not contain a provision prohibiting the counting of a duplicate ballot that does not comply with section 127.126(e).[2] *Compare Reese*, 80 S.W.3d at 657-58 (construing election statute that expressly stated, "a ballot returned in violation of this section may not be counted."). Accordingly, we hold that section 127.126 is directory with regard to the duplication of ballots, and because Barrera stipulated the ballots were accurately duplicated, the trial court did not abuse its discretion in overruling Barrera's contest.

CONCLUSION

The trial court's judgment is affirmed. Given the election's timing, Barrera's request that this court decline to entertain any motion for rehearing is granted, and the clerk of this court is directed to issue this court's mandate contemporaneously with this court's opinion and judgment. *See* TEX. R. APP. P. 18.1(c).

Catherine Stone, Chief Justice

---

[2] Barrera cites *Thompson v. Willis*, 881 S.W.2d 221 (Tex. App.—Beaumont 1994, no writ), as an example of a case holding that the improper duplication of ballots voids the ballots. In that case, however, the election officials marked over the very ballots previously marked by the voters. *Id*. at 223. Because the election officials marked on the voter's original ballots, the court held that the election officials rendered assistance to the voters in violation of Chapter 64 of the Election Code, which provided: "If assistance is provided to a voter who is not eligible for assistance, the voter's ballot may not be counted." *Id*. at 223-224. Accordingly, in accordance with the general rule of interpretation, the over-marked ballots in that case could not be counted because the mandatory language of the statute prohibited the ballots from being counted. *Id*. at 224-25.