

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00365-CV

Raul (Roy) **MORALES**,
Appellant

v.

Rudy **SEGURA**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 14-12-1070-CVA
Honorable David Peeples, Judge Presiding[1]

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 16, 2015

REVERSED AND RENDERED

        This accelerated appeal arises from an election contest challenging the outcome of a city

council election in the City of Jourdanton, Atascosa County.  Appellee Rudy Segura sued appellant

Raul (Roy) Morales, contesting the results of the November 2014 general election, which declared

Morales the winner.  The trial court granted Segura's contest and declared Segura the winner.  On

appeal, Morales contends the trial court erred in declaring Segura the winner because it applied

---

[1] The Honorable Donna S. Rayes is the judge of the 81st Judicial District in Atascosa County, Texas.  The Honorable David Peeples was sitting by assignment.

section 63.006 of the Texas Election Code ("the Code") instead of section 63.009 of the Code, and even if section 63.006 of the Code is applicable, Segura did not prove all of its requirements by clear and convincing evidence. We reverse the judgment of the trial court and render judgment declaring Morales the winner of the election.

## BACKGROUND

In November 2014, the City of Jourdanton held a general election for two vacant city council positions. Morales was declared to be the winner of one of the positions. After a recount, which confirmed Morales was the winner, Segura filed an election contest, challenging the results of the election. In his petition, Segura alleged a number of voters, including Sheldon Day, were erroneously given provisional ballots, and their votes were not counted. After hearing the evidence, the trial court found that in accordance with section 63.006 of the Code, Mr. Day's vote should have been counted, and by including Mr. Day's vote, Segura should have been declared the winner of the election. Morales then perfected this appeal.

## ANALYSIS

Morales presents five issues on appeal. However after reviewing his brief, we construe the crux of his complaint to be that the trial court erred in granting the contest and declaring Segura the winner of the city council election because it applied section 63.006 of the Code instead of section 63.009 of the Code. Morales further contends that even if section 63.006 of the Code is applicable, Segura did not prove all the requirements of section 63.006 of the Code by clear and convincing evidence.

### *Standard of Review*

We review a trial court's judgment in an election contest for an abuse of discretion. *Gonzalez v. Villarreal*, 251 S.W.3d 763, 774–75 (Tex. App.—Corpus Christi 2008, pet. dism'd) (citing *Reese v. Duncan*, 80 S.W.3d 650, 655 (Tex. App.—Dallas 2002, pet. denied)); *Harrison v.*

*Stanley*, 193 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing *Tiller v. Martinez*, 974 S.W.2d 769, 772 (Tex. App.—San Antonio 1998, pet. dism'd w.o.j.)). A trial court abuses its discretion if its decision lacks support "in the facts or circumstances of the case or when it acts in an arbitrary and unreasonable manner without references to guiding rules or principles of law." *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011); *see also Gonzalez*, 251 S.W.3d at 774. However, a trial court does not abuse its discretion if some evidence reasonably supports its decision, even if the evidence is conflicting. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *ICON Benefit Adm'rs II, L.P. v. Abbott*, 409 S.W.3d 897, 902 (Tex. App.—Austin 2013, pet. denied).

When we review a trial court's factual determinations for an abuse of discretion, we may not substitute our judgment for that of the trial court. *Samlowski*, 332 S.W.3d at 423; *Gonzalez*, 251 S.W.3d at 775. We give a great deal of deference to the trial court's role as the fact finder and its determination of both the credibility of the witnesses and the weight of their testimony. *Gonzalez*, 251 S.W.3d at 775. We also give deference to the trial court's resolution of conflicts arising from the evidence. *Id.* The trial court's judgment should not be overturned unless it is apparent from the record that it could have reached only one result. *Id.* (citing *Walker*, 827 S.W.2d at 840 and *Tiller*, 974 S.W.2d at 777).

On the other hand, with respect to the trial court's determination of legal principles, our review is much less deferential. *Barrera v. Garcia*, No. 04-12-00469-CV, 2012 WL 4096201, at *1 (Tex. App.—San Antonio Sept. 19, 2012, no pet.) (mem. op.) (citing *Walker*, 827 S.W.2d at 840). A trial court does not have any discretion in determining the applicable law and applying the law to the facts. *Id.* A trial court's erroneous interpretation of the law or misapplication of the law constitutes a clear abuse of discretion. *Id.*

*Election Contest*

To set aside the outcome of an election, the contestant bears the burden of proving that a violation of the Code occurred and the violation materially affected the outcome of the election. TEX. ELEC. CODE § 221.003 (West 2010); *see also Barrera*, 2012 WL 4096201, at *1; *Willet v. Cole*, 249 S.W.3d 585, 589 (Tex. App.—Waco 2008, no pet.); *Garza v. Alcala*, No. 04–04–00855– CV, 2006 WL 1080241, at *2 (Tex. App.—San Antonio Apr. 26, 2006, no pet.) (mem. op.). The outcome of an election is "materially affected" when a different and correct result would have been achieved in absence of the violation. *Barrera*, 2012 WL 4096201, at *1; *Willet*, 249 S.W.3d at 589; *Garza*, 2006 WL 1080241, at *2.

The burden an election contestant bears is a heavy one, and the declared result of an election will be upheld unless there is clear and convincing evidence of an erroneous result. *Barrera*, 2012 WL 4096201, at *1; *Willet*, 249 S.W.3d at 589; *Garza*, 2006 WL 1080241, at *2. For evidence to be clear and convincing, it must produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be proved. *Barrera*, 2012 WL 4096201, at *1; *Willet*, 249 S.W.3d at 589; *Garza*, 2006 WL 1080241, at *2.

*Sections 63.006 and 63.009 of the Code*

As indicated above, Morales first argues the trial court erred when it declared Segura the winner — and thus, counting Mr. Day's vote — because it applied section 63.006 of the Code instead of section 63.009 of the Code. According to Morales, Mr. Day was properly given a provisional ballot in accordance with section 63.009 of the Code, and his provisional ballot was properly rejected by the early voting ballot board. Segura, on the other hand, argues the trial court properly applied section 63.006 of the Code, finding Mr. Day's vote should have been counted and ultimately declaring Segura the winner of the election. Therefore, we must determine whether section 63.006 or section 63.009 of the Code applies based on the evidence produced at trial.

The Code requires election officials to obtain certain information from people who arrive at a polling place with the intent to vote. *Gonzalez*, 251 S.W.3d at 778. The type of information presented by the voter determines the type of vote, if any, a voter may cast. *See generally* TEX. ELEC. CODE § 63.001(d) (West Supp. 2015) (regular procedure); *id.* § 63.006 (voter with required documentation, but not on precinct list); *id.* § 63.009 (voter without certificate and not on precinct list). "Under ideal circumstances, an individual voting in person will present a certificate showing that he is registered to vote in the territory covered by the election, and his name will appear on that particular precinct's list of registered voters." *Gonzalez*, 251 S.W.3d at 779 (citing TEX. ELEC. CODE § 63.001(a)–(d)). When that happens, that individual's vote is accepted for voting. TEX. ELEC. CODE § 63.001(d). However, if an individual seeking to vote does not present a certificate showing he is registered to vote in the territory in question and his name does not appear on the precinct's list of registered voters, the Code sets out statutory safeguards to preserve an individual's right to vote. *Gonzalez*, 251 S.W.3d at 779.

Section 63.006 governs a situation in which a voter arrives at a polling site with a valid form of identification, but his name does not appear on the precinct list of registered voters. *See* TEX. ELEC. CODE § 63.006. Under section 63.006, the voter's vote will be accepted only if the voter presents a voter registration certificate, showing he is currently registered to vote. *Id.* Section 63.006 of the Code specifically provides: "[a] voter who, when offering to vote, presents the documentation required under Section 63.001(b) but whose name is not on the precinct list of registered voters shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered." *Id.*; *Gonzalez*, 251 S.W.3d at 780. As is relevant here, a driver's license qualifies as a valid form of documentation required under section 63.001(b). *See* TEX. ELEC. CODE §§ 63.0101(b), 63.001(b).

Section 63.009, on the other hand, governs a situation in which a voter arrives at a polling site without a voter registration certificate and his name does not appear on the precinct list of registered voters. *See id.* § 63.009. Under section 63.009, the voter will be provided with a provisional ballot and his vote shall be accepted for provisional voting so long as the voter executes an affidavit. *Id.*; *Gonzalez*, 251 S.W.3d at 780. The affidavit must state that the voter is a registered voter in the precinct in which the person seeks to vote and is eligible to vote. *See* TEX. ELEC. CODE § 63.011. When a voter is accepted for provisional voting, "the voter casts a special paper ballot that is kept separate from the machines used for regular voting." *Gonzalez*, 251 S.W.3d at 780. The early voting ballot board determines whether a provisional ballot is accepted for the official count. *See* TEX. ELEC. CODE § 65.054. The Code requires the ballot board to accept a provisional ballot for the official count if the board determines, as is relevant here, the voter is eligible to vote based on the information in the affidavit or contained in the public records. *See id.*

These "election laws are to be construed as directory in the absence of fraud or a mandatory provision which requires the voiding of a ballot for failure to comply with its provisions." *Barrera*, 2012 WL 4096021, at *2. This court has recognized that statutory enactments involving elections must be strictly enforced in order to prevent fraudulent activity; however, we have also recognized such enactments are also to be "liberally construed in order to ascertain and effectuate the will of the voters." *Id.* (citing *Prado v. Johnson*, 625 S.W.2d 368, 369–70 (Tex. Civ. App.—San Antonio 1981, writ dism'd)).

### *Application*

With this in mind, we now turn to the evidence produced at trial. Here, the evidence established the following: (1) Mr. Day provided a copy of his driver's license to the election official when he arrived at the polling site; (2) Mr. Day's name was not listed on the precinct list of registered voters; and (3) Mr. Day did not present a voter registration certificate. At trial, the

election administrator testified Mr. Day presented a valid driver's license, but was not a registered voter in the City of Jourdanton because he "was registered in – on a county road outside of the City of Jourdanton," indicating he was registered to vote outside the precinct boundaries. The election administrator also testified that when a prospective voter arrives at a polling site with a valid form of identification, i.e., a driver's license, but the voter's name is not on the precinct list, she attempts to determine where the prospective voter is registered to vote. And, in this case, she determined Mr. Day was registered to vote "on a county road out in – He's registered in our poling [sic] location 18, which is the Charlotte area." Thus, under section 63.006 of the Code, in order for Mr. Day's vote to have been accepted, he had to have presented a voter registration certificate. *See* TEX. ELEC. CODE § 63.006. The evidence is undisputed that Mr. Day did not present a voter registration certificate indicating he was currently registered to vote in the City of Jourdanton.

Although Segura argues that section 63.006 of the Code is merely a directive and under a liberal construction, Mr. Day's vote should be accepted, we disagree. Section 63.006 of the Code is mandatory with regard to the acceptance of a vote when a voter presents a valid form of identification, such as a driver's license, but whose name is not on the precinct list. *See id.* (stating "shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered"). Accordingly, because Mr. Day did not meet the mandatory requirements of section 63.006 of the Code — he did not present a voter's registration certificate showing he was currently registered in the precinct — we hold the trial court abused its discretion in applying section 63.006 of the Code.

We next determine whether section 63.009 is applicable based on the evidence produced at trial. As stated above, section 63.009 governs situations when: (1) a voter arrives at a polling site without a voter registration certificate, and (2) his name does not appear on the precinct list of registered voters. *Id.* § 63.009. In those cases, a voter is given a provisional ballot. *See id.* Here,

the evidence shows Mr. Day arrived at the polling site without a voter registration certificate and the election administrator determined his name did not appear on the precinct list of registered voters. Based on this evidence, we hold section 63.009 governs Mr. Day's situation. Thus, in accordance with section 63.009, the election administrator properly provided Mr. Day with a provisional ballot and Mr. Day completed the requisite affidavit, stating he was a registered voter in the precinct and was eligible to vote. *See id.*; *id.* § 63.011; *Gonzalez*, 251 S.W.3d at 780.

The evidence also established that Mr. Day's provisional ballot and affidavit were provided to the early voting ballot board to determine whether the provisional ballot should have been accepted for the official vote count. *See* TEX. ELEC. CODE § 65.054. The evidence further established the early voting ballot board rejected Mr. Day's provisional vote based on information on file with the Texas Secretary of State, stating he was not a registered voter in the precinct. *See id.* Accordingly, we hold that pursuant to section 63.009 of the Code, Mr. Day was properly provided with a provisional ballot, and based on the evidence produced at trial, the early voting ballot board was within its authority when it rejected Mr. Day's vote. As a result, we reverse the judgment of the trial court and render judgment, declaring Morales the winner of the election.

## CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court and render judgment declaring Morales the winner of the city council election.

Marialyn Barnard, Justice