ACCEPTED
04-15-00365-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/27/2015 3:13:46 PM
KEITH HOTTLE
CLERK

**NO. 14-15-00365-CV**

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/27/2015 3:13:46 PM
KEITH E. HOTTLE
Clerk

\*\*\*\*\*\*

RAUL (ROY) MORALES

*Appellant*

V.

RUDY SEGURA

*Appellee*

On Appeal from Cause No. 14-12-1070-CVA
In the 81st Judicial District Court, Atascosa County, Texas
Honorable David Peeples, Presiding

## BRIEF OF APPELLANT

Keith A. Kendall
State Bar No. 11263250
Frank J. Garza
State Bar No. 07731590
**DAVIDSON TROILO REAM & GARZA, P.C.**
7550 West I.H. 10, Suite 800
San Antonio, Texas 78229
Telephone: (210) 349-6484
Facsimile: (210) 349-0041
Email: kkendall@dtrglaw.com

**ATTORNEYS FOR APPELLANT**

*Oral Argument Requested*

## IDENTITY OF PARTIES AND COUNSEL

| Party | Counsel |
|-------|---------|

**APPELLANT**

Raul (Roy) Morales

Keith A. Kendall
Frank J. Garza
**DAVIDSON TROILO REAM & GARZA, P.C.**
7550 West I.H. 10, Suite 800
San Antonio, Texas 78229

**APPELLEE**

Rudy Segura

Jose Garza
Martin Golando
Michael P. Moran
115 E. Travis Street, Suite 1235
San Antonio, Texas 78205

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................. i.

TABLE OF CONTENTS ................................................................................. ii.

INDEX OF AUTHORITIES ............................................................................. iii.

STATEMENT OF THE CASE ........................................................................... iv.

STATEMENT REGARDING ORAL ARGUMENT .................................................. iv.

STATEMENT OF JURISDICTION ................................................................... iv.

ISSUES PRESENTED ................................................................................. iv.

STATEMENT OF FACTS ............................................................................... 1

SUMMARY OF THE ARGUMENT .................................................................. 3

ARGUMENT AND AUTHORITIES .................................................................. 3

CONCLUSION ............................................................................................ 6

PRAYER .................................................................................................... 7

CERTIFICATE OF COMPLIANCE ................................................................... 7

CERTIFICATE OF SERVICE ......................................................................... 8

APPENDICES Table of Contents .................................................................. 9

## INDEX OF AUTHORITIES

<u>CASES</u>                                                                                 <u>PAGE</u>

*Tiller v. Martinez*, 974 S.W.2d 769 (Tex. App.—
San Antonio 1998, pet. dism'd w.o.j.) ............................................................ 3

*Willet v. Cole*, 249 S.W.3d 585, 589 (Tex. App.—
Waco 2008, no pet.) ...................................................................................... 3

<u>STATUTES</u>

TEX. ELEC. CODE ANN. § 13.143 (West 2014) ...................................................... 4, 6

TEX. ELEC. CODE ANN. § 63.006 (West 2014) ...................................................... 3, 5, 6

TEX. ELEC. CODE ANN. § 63.009 (West 2014) ...................................................... 3, 5, 6

TEX. ELEC. CODE ANN. § 221.002(f) (West 2014) ................................................ iv.

TEX. ELEC. CODE ANN. § 221.003 (West 2014) .................................................... 3

## STATEMENT OF THE CASE

This is an election contest based upon the results of the election for City Council in the City of Jourdanton, Texas, in November, 2014. The case was heard by the Honorable David Peeples, Judge Presiding. The case proceeded to trial before Judge Peeples on June 8, 2015. The court noted its oral ruling on that same date (Tr. 139-140) and Judgment was entered by the court on June 12, 2015, for Contestant. (CR 142-143.) Contestee gave notice of appeal. (CR 139-141.)

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would aid this Court in understanding the process that was employed by the Atascosa County Elections Administrator's office in rejecting the votes cast by Sheldon Day.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal pursuant to TEX. ELEC. CODE ANN. § 221.002(f) (West 2014).

## ISSUES PRESENTED

1. Did the trial court err in finding that Contestant had proven that § 63.006 was applicable to voter, Sheldon Day?

2. Did the trial court err in finding that Contestant had proven, by clear and convincing evidence, that voter Sheldon Day met the requirements of § 63.006?

3. Did the trial court err in determining that § 63.006 applied to the voter, Sheldon Day, since application of § 63.009 was required under the undisputed facts?

4. Did the trial court err in finding that the provisions of § 63.009 applied to the situation involving voter, Sheldon Day?

5. Did the trial court err in failing to find that voter, Sheldon Day, was not a properly registered voter, more than 30 days before the election, in a

iv

precinct within the City of Jourdanton, Texas, for purposes of voting in the City elections in November, 2014, since he had not timely registered to vote in the November, 2014 city elections?

**TO THE HONORABLE COURT OF APPEALS:**

Appellant, Raul (Roy) Morales, files his brief requesting that this Court reverse the trial court's Order on Final Judgment ordering that the Contestant was the winning candidate for the Jourdanton City Council election held on November 4, 2014.

## STATEMENT OF FACTS

After conducting the City of Jourdanton general election on November 4, 2014, for two-at-large city council positions, Contestee Raul Morales was declared one of the winners of the council elections. (Supp. CR 4-8.) Contestant Rudy Segura filed a contest to that election alleging, among other things, that irregularities prevented several voters from having their votes counted. (CR 5-11.) At the trial of the contest, Contestant contended that two voters, Mr. Sheldon Day and Mr. Carlos Pacheco, did not have their votes properly counted. (Tr. 9.) The vote of Carlos Pacheco was found by the court to have been properly excluded (Tr. 139), and Appellant does not complain of this decision on appeal.

As to voter Sheldon Day, Mr. Day testified that he had lived in the City of Jourdanton since May, 2014. (Tr. 28-29.) Approximately in June, 2014, he went to a local Department of Public Safety office and attempted to change his driver's license address. (Tr. 29.) Mr. Day also testified that at the time that he presented to the Department of Public Safety office to change the address on his driver's license, he had not considered changing his voter registration address, although he knew that there was a procedure to do that on the card. (Tr. 38-39.) When he handed his change of address form to the clerk, he had not checked the box to change his voter registration status residence. (Tr. 39.) As he handed his change of residence address to the clerk,

he had not intended at that point in time to change his address for his voter registration. (Tr. 39.) After handing the clerk his change of address form, he was asked by the clerk if he also wanted to change his voter registration address. Mr. Day replied that he did. (Tr. 29.)

When he went in to early vote on October 20, 2014, he did not present any form of voter registration card. (Tr. 30-31.) When Mr. Day voted or attempted to vote on October 20, 2014, he listed as being registered to vote on a county road outside the City of Jourdanton. (Tr. 75.) He was not on the list of registered voters for any precinct within the City of Jourdanton. (Tr. 78, 96-99, 106.) Mr. Day was given a provisional ballot. (Tr. 79.) After Mr. Day cast his provisional ballot, the Elections Administrator checked with the Department of Public Safety to ascertain whether or not Mr. Day had ever changed his voter registration to reflect that he was a resident of a precinct within the City of Jourdanton and discovered that he had not. (Tr. 79-80.) Based on the information received from the Texas Department of Public Safety, the Elections Administrator determined that Mr. Day was not a registered voter 30 days before the election in the City of Jourdanton and his ballot was not counted. (Tr. 84-85.) Mr. Day was notified that his ballot had been rejected. (Tr. 85.) The Elections Administrator did not recall Mr. Day contacting the office to make any inquiry after he received the notice of rejection of his ballot for his provisional ballot for the City of Jourdanton. (Tr. 85.)

At the time Mr. Day attempted to vote on October 20, 2014, he was not a registered voter in either Precinct 13 or Precinct 19 within the City of Jourdanton, Texas. (Tr. 106, 115-116.)

## SUMMARY OF THE ARGUMENT

At the time voter, Sheldon Day, attempted to vote in the City of Jourdanton municipal elections on October 20, 2014, he was not a properly registered voter in any precinct within the city limits of the City of Jourdanton. He was, therefore, ineligible to vote that day in the municipal elections for the City of Jourdanton, since he had failed to properly transfer his voter registration from his former precinct in Atascosa County to a precinct within the City of Jourdanton.

Furthermore, at the time he presented to the early voting ballot location on October 20, 2014, he did not present any type of voter registration card. The provisions of TEX. ELEC. CODE ANN. § 63.006 were, therefore, not applicable to his situation. Rather, the provisions of TEX. ELEC. CODE ANN. § 63.009 control and were properly applied by the Elections Administrator's office. Mr. Day's provisional votes were, therefore, properly.

## ARGUMENT AND AUTHORITIES

In an election contest, the contestant must prove that an elected official prevented an eligible voter from voting [emphasis added]. *Tiller v. Martinez*, 974 S.W.2d 769 (Tex. App.—San Antonio 1998, pet. dism'd w.o.j.); TEX. ELEC. CODE ANN. § 221.003. An election contestant's burden is a heavy one and the declared results of an election will be upheld in all cases except where there is clear and convincing evidence of an erroneous result. *Willet v. Cole*, 249 S.W.3d 585, 589 (Tex. App.—Waco 2008, no pet.) Clear and convincing proof requires more proof than a preponderance of the evidence and is the degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be proved. *Id.* at 589.

3

Contestant has not proved by any evidence, much less clear and convincing evidence, that voter Sheldon Day was an eligible voter in the precinct in which he was trying to vote in the City of Jourdanton election conducted in November, 2014. According to Janice Ruple, the Atascosa County Elections Administrator, Mr. Day would have been eligible to vote in either Precinct 13 had he registered in time. (Tr. 117-119.) Sheldon Day's testimony was that he went to change his driver's license address in the summer of 2014, but did not check the box indicating he wanted to register to vote. (Tr. 38-39.) Mr. Day further testified that when he went to the Texas Department of Public Safety to change his driver's license address, his only intent was to (1) change the address on his driver's license, (2) that he knew there was a space to change his voter's registration but did not think about that day, (3) did not pay any attention to the box to check to change his voter's registration address, (4) and never marked that box himself. (Tr. 38-39.)

Janice Ruple testified that in order to vote in a precinct, one must be registered to vote in that precinct 30 days before the election. (Tr. 75.) *See* TEX. ELEC. CODE ANN. § 13.143(a). No contrary evidence was admitted. Ms. Ruple further testified that Mr. Day was rejected as a voter in the City of Jourdanton election because he was not registered in a City of Jourdanton precinct 30 days before the election. (Tr. 75-76, 178.) Ms. Ruple confirmed that Mr. Day had not effectuated a change at the time he changed his driver's license address with the Texas Department of Public Safety. (Tr. 78-80.)

Ms. Ruple testified that the election procedures published by the Elections Division of the Secretary of State's office, admitted into evidence as Defendant/Contestee's Exhibit 1 (CR 68-131), were followed with regards to Mr. Day's

4

attempt to vote in the City of Jourdanton election. (Tr. 75-76.) Ms. Ruple further testified that the process, as reflected on page 20 of Contestee's Exhibit 1, was applicable to Mr. Day's situation and was followed. (Tr. 80-85.) According to the Secretary of State's office, the registration must be effective 30 days before the election. (Tr. 82-83.) There is no evidence that Mr. Day or anyone else checked the box to change the voter registration address at any point in time. (Tr. 79-80.)

The process that was followed by the Atascosa County Election Administrator was in conformance with TEX. ELEC. CODE ANN. § 63.009, which applies to a situation where the voter <u>does not</u> present a voter registration certification <u>and</u> is not on the list of registered voters for the precinct in which the voter is offering to vote. [Emphasis added.] In accordance with this section, Mr. Day was provided with a provisional ballot. (Tr. 79.) Mr. Day attempted to vote in a precinct (within the City of Jourdanton) in which he was not properly registered, so his ballot was not counted. (Tr. 79.) This is the proper procedure to follow according to the Texas Secretary of State Handbook for Election Judges and Clerks, admitted without objection as Defendant/Contestant's Exhibit 1. (Tr. 140, 75.)

The trial court instead found that TEX. ELEC. CODE ANN. § 63.006 applied to the facts of this case. (Tr. 139.) Section 63.006, however, does not apply since Mr. Day did not present to the polling place with any kind of voter registration card.

The difference in the requirements of § 63.006 and § 63.009 are not to be ignored or taken lightly. It must be presumed that the legislature had a reason for the requirements of both sections and that both requirements needed to be met in the different situations presented. Both § 63.006 and § 63.009 deal with a situation where

5

the voter presents proper identification at a polling place, but the voter's name is not on the polling list as a registered voter for that precinct. The difference is whether the voter does (§ 63.006) or does not (§ 63.009) have a voter registration card. It is clear that Mr. Day did not have such a card. As a result, § 63.009 was properly applied.

When Mr. Day's registration was checked by the Elections Administrative Office for the County of Atascosa, it was found that he had not properly registered more than 30 days before the election in a City of Jourdanton precinct. Mr. Day's votes were, therefore, properly rejected by the Elections Administrator.

## CONCLUSION

If the procedures, as enacted by the Texas legislature, are not strictly followed, there is the very real possibility, as articulated by the Elections Administrator, that people who are not registered within a jurisdiction could temporarily move into that jurisdiction less than 30 days before the election, claim that they are residents of that jurisdiction, execute an affidavit to that effect, and then vote, without any intention of remaining within that jurisdiction or establishing residency there. (Tr. 119-120.) The other very real concern is that voters may not have to register within a jurisdiction at all prior to 30 days before an election, if this decision is allowed to stand.

It is clear that the trial court judge failed to consider whether Mr. Day was a properly registered voter within the City of Jourdanton, having moved within the City of Jourdanton more than 30 days before the election, but not have properly transferred his voter registration to a precinct within the City of Jourdanton, more than 30 days before the election as required by TEX. ELEC. CODE ANN. § 13.143. The court further found that the provisions of § 63.006 were applied, § 63.009.

6

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that this Court set this case for oral argument and that the Judgment of the trial court be reversed and rendered, disallowing the two votes cast by voters Sheldon Day and reinstating Mr. Raul Morales, Contestee, as the true winner of the election.

Respectfully submitted,

**DAVIDSON, TROILO REAM & GARZA, P.C.**
7550 West I.H. 10, Suite 800
San Antonio, Texas 78229-5815
Telephone: (210)349-6484
Facsimile:  (210)349-0041

By: */s/ Keith A. Kendall*
**FRANK J. GARZA**
State Bar No. 07731590
fgarza@dtrglaw.com
**KEITH A. KENDALL**
State Bar No. 11263250
kkendall@dtrglaw.com

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that the above Brief of Appellant has 1,891 words, excluding the sections identified in Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/  Keith A. Kendall*
**KEITH A. KENDALL**

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served upon the following on this the 27th day of July, 2015:

Mr. Jose Garza
Mr. Martin Golando
Mr. Michael Moran
115 E. Travis Street, Suite 1235
San Antonio, Texas 78205


       */s/ Keith A. Kendall*
       **KEITH A. KENDALL**

## APPENDIX

Trial Court Judgment......................................................................... TAB 1

Tr. 139 and 140 ............................................................................... TAB 2

TEX. ELEC. CODE ANN. §13.143 (West 2014)....................................... TAB 3

TEX. ELEC. CODE ANN. §63.006 (West 2014)....................................... TAB 4

TEX. ELEC. CODE ANN. §63.009 (West 2014)....................................... TAB 5

TEX. ELEC. CODE ANN. §221.003 (West 2014)..................................... TAB 6

# TAB 1

**CAUSE NO. 14-12-1070-CVA**

| | | |
|---|---|---|
| RUDY SEGURA, | § | IN THE DISTRICT COURT |
| | § | |
| *Contestant*, | § | |
| | § | |
| v. | § | 218th JUDICIAL DISTRICT |
| | § | |
| RAUL (ROY) MORALES, | § | |
| | § | |
| *Contestee*. | § | ATASCOSA COUNTY, TEXAS |

## ORDER AND FINAL JUDGMENT

On June 8, 2015, this case was called for trial. Contestant, Rudy Segura, appeared in person and announced ready for trial. Contestee, Raul (Roy) Morales, appeared in person and announced ready for trial.

All matters in controversy, legal and factual, were submitted to the Court for its determination. The Court heard the evidence and arguments of counsel and announced its decision for the Contestant. The court orally rendered judgment for the Contestant on June 8, 2015. This written judgment memorializes that rendition.

## ORDERS

The Court orders that the Contestant, not the Contestee, is a winning candidate for the Jourdanton City Council in the November 4, 2014, election. Accordingly, the Court also orders that Contestant immediately replace Contestee on the Jourdanton City Council.

The Court orders that the Contestant recover court costs from the Contestee.

This judgment finally disposes of all claims and all parties and is appealable.

SIGNED this 12TH day of June, 2015.

_____
The Honorable David Peeples
Judge Presiding

# TAB 2

# TRIAL CAUSE NO. 14-12-1070-CVA

## APPEALS COURT NO. 04-15-00365-CV

### VOLUME 1 of 1

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/7/2015 8:40:06 AM
KEITH E. HOTTLE
Clerk

| | |
|---|---|
| ROY SEGURA, ) | IN THE DISTRICT COURT |
| Contestant, ) | |
| ) | |
| vs. ) | 218TH JUDICIAL DISTRICT |
| ) | |
| RAUL (ROY) MORALES, ) | |
| Contestee. ) | ATASCOSA COUNTY, TEXAS |

---

## REPORTER'S RECORD

---

On the 8th day of June, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable David Peeples, Judge Presiding, held in Jourdanton, Atascosa County, Texas.

Proceedings reported by computerized stenotype machine.

**ORIGINAL**

**APPEARANCES**

Mr. Jose Garza
SBOT NO. 07731950
ATTORNEY AT LAW
111 N. Main Avenue
San Antonio, Texas 78212-4713
Telephone: (210)212-3701
Attorney for Contestant

Mr. Martin Golando
SBOT NO. 24059153
LAW OFFICE OF MARTIN GOLANDO, PLLC
115 E. Travis, Suite 1235
San Antonio, Texas 78205
Telephone: (210)892-8543
Attorney for Contestant

Mr. Michael Moran
SBOT NO. 24092857
GARZA, GOLANDO, MORAN PLLC
115 E. Travis, Suite 1235
San Antonio, Texas 78205
Telephone: (210)892-8543
Attorney for Contestant

Mr. Keith Kendall
SBOT NO. 11263250
DAVIDSON, TROILO, REAM AND GARZA
7550 IH-10 West, Suite 800
San Antonio, Texas 78229
Telephone: (210)349-6484
Attorney for Contestee

MR. KENDALL: No, Your Honor.

MR. GARZA: No, Your Honor.

THE COURT: Okay. I've read the law and the evidence, and here's the ruling, three parts.

Number 1, concerning Carlos Pacheco, I hold that the signature on the request for an absentee ballot and the signature on the ballot are not the same. Somebody else requested the ballot and signed it. I do think, however, that the ballot signature is his signature. But that doesn't comply with the Code, and, therefore, those votes are not allowed. That's Carlos Pacheco.

Two, Sheldon Day. I think that -- Again, I do not fault the election officials who -- If they'd counted his votes, we'd have had a contest filed by your client maybe. You know, either way they go, they had a one-vote election and the loser might have filed.

But I think Section 63.006 was complied with by Sheldon Day, and his vote should have been counted, and I so rule. And I think clearly 63.006 applies to his situation. His vote should have been counted. I'm not faulting the people who were under the gun, but here with the leisure that we've had, those -- that provisional ballot by Mr. Day complied

with the law, and it should be counted and it is counted. And that gives the victory to Rudy Segura, and he's declared the winner.

Mr. Garza, I ask your office to prepare a judgment, run it by Mr. Kendall, and I'll sign it.

MR. GARZA: Yes, Your Honor.

THE COURT: Thanks, everybody. You're excused for a well-presented case. I appreciate it.

(Brief recess.)

THE COURT: Back on the record. Just so the record is clear about which of the Contestant's exhibits I admitted, my recollection is that Mr. Kendall may not have offered all of his but he intended to offer 1 through 5.

MR. KENDALL: Yes. That's correct.

THE COURT: And I think that ought to be admitted. Mr. Garza?

MR. GARZA: No objection, Your Honor.

THE COURT: Defendant's 1 through 5 are all admitted. Okay? Thank you.

(Contestee's Exhibit Numbers 1-5 admitted.)

(Proceedings concluded.)

# TAB 3

§ 13.080.   Recording Rejection

### Research References

Encyclopedias

TX Jur. 3d Elections § 130, Action by
Registrar on Application.

ding & Practice
3, Challenge to

## SUBCHAPTER E.   OFFICIAL APPLICATION FORMS

ading & Practice
Petition--For Ju-
licant for Voter
on    Wrongfully
strar.

## § 13.121.   Official Form for Registration by Mail

### Research References

Encyclopedias

TX Jur. 3d Elections § 127, Application.

## § 13.122.   Additional Elements on Official Form

### Research References

Encyclopedias

TX Jur. 3d Elections § 127, Application.

## SUBCHAPTER F.   INITIAL REGISTRATION

ading & Practice
23, Challenge to

## § 13.142.   Initial Registration Certificate

### Cross References

Form and contents of registration certifi-
cate, notice of identification requirements,
see V.T.C.A., Election Code § 15.005.

### Research References

ading & Practice
23, Challenge to

Encyclopedias

TX Jur. 3d Elections § 133, Registration
Certificate; When Effective.

## § 13.143.   Effective Date of Registration;  Period of Effectiveness

eading & Practice
5, Judicial Review.

(a) Except as provided by Subsections (b) and (e), if an applicant's registration application is approved, the registration becomes effective on the 30th day after the date the application is submitted to the registrar or on the date the applicant becomes 18 years of age, whichever is later.

(b) A registration is effective for purposes of early voting if it will be effective on election day.

(c) A registration is effective until canceled under this code.

(d) For purposes of determining the effective date of a registration, an application submitted by:

(1) mail is considered to be submitted to the registrar on the date it is placed with postage prepaid and properly addressed in the United States mail; or

(2) telephonic facsimile machine is considered to be submitted to the registrar on the date the transmission is received by the registrar, subject to Subsection (d–2).

(d–1) The date indicated by the post office cancellation mark is considered to be the date the application was placed in the mail unless proven otherwise.

(d–2) For a registration application submitted by telephonic facsimile machine to be effective, a copy of the registration application must be submitted by mail and be received by the registrar not later than the fourth business day after the transmission by telephonic facsimile machine is received.

(e) If the 30th day before the date of an election is a Saturday, Sunday, or legal state or national holiday, an application is considered to be timely if it is submitted to the registrar on or before the next regular business day.

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1989, 71st Leg., ch. 416, § 1, eff. Sept. 1, 1989; Acts 1991, 72nd Leg., ch. 203, § 2.31; Acts 1991, 72nd Leg., ch. 554, § 2, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 916, § 6, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 454, § 4, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1349, § 5, eff. Sept. 1, 1997; Acts 2013, 83rd Leg., ch. 1178 (S.B. 910), § 3, eff. Sept. 1, 2013.

### Cross References

Application required, eligibility and manner of applying for voter registration, see V.T.C.A., Election Code § 13.002.

### Research References

**Encyclopedias**

TX Jur. 3d Elections § 133, Registration Certificate; When Effective.

**Forms**

Texas Jurisprudence Pleading & Practice Forms 2d Ed § 103:22, Registration.

## § 13.144. Delivery of Initial Certificate to Voter

### Research References

**Encyclopedias**

TX Jur. 3d Elections § 133, Registration Certificate; When Effective.

## § 13.145. Unlawful Delivery of Certificate

### Research References

**Encyclopedias**

TX Jur. 3d Elections § 133, Registration Certificate; When Effective.

## CHAPTER 14. RENEWAL OF REGISTRATION

### SUBCHAPTER A. ISSUANCE OF RENEWAL CERTIFICATE

## § 14.001. Renewal Registration Certificate

### Cross References

Form and contents of registration certificate, notice of identification requirements, see V.T.C.A., Election Code § 15.005.

**Encyclopedias**

TX Jur. 3d Elections

## § 14.002. Deliver

**Encyclopedias**

TX Jur. 3d Elections

SUBCHA

## § 14.021. Disposi

**Encyclopedias**

TX Jur. 3d Elections turn of Undelivera

## § 14.022. Errone

**Encyclopedias**

TX Jur. 3d Elections turn of Undelivera

## § 14.023. Confirr

**Encyclopedias**

TX Jur. 3d Elections turn of Undelivera

CHAPTER 1

SUBCHAPTER A. FO OF REGISTRATIO REPLACEMENT C

**Section**
15.001. Required Conten
15.004. Replacement Cer
15.005. Notice of Identifi

SUBCHAPT
CERT

## § 15.001. Require

(a) Each voter reg
(1) the voter's n requirements pres

# TAB 4

## § 63.003. Poll List

### Research References

**Encyclopedias**

TX Jur. 3d Elections § 314, Acceptance of
Voter--Signature Roster; Poll List.

## § 63.004. Combination Form

### Research References

**Encyclopedias**

TX Jur. 3d Elections § 314, Acceptance of
Voter--Signature Roster; Poll List.

## § 63.005. Repealed by Acts 2011, 82nd Leg., ch. 1002 (H.B. 2194), § 15, eff. Jan. 1, 2012

### Historical and Statutory Notes

The repealed § 63.005, relating to registration omissions list, was derived from Acts 1985, 69th Leg., ch. 211, § 1 and Acts 1997, 75th Leg., ch. 864, § 56.

## § 63.006. Voter with Required Documentation Who Is Not on List

(a) A voter who, when offering to vote, presents the documentation required under Section 63.001(b) but whose name is not on the precinct list of registered voters shall be accepted for voting if the voter also presents a voter registration certificate indicating that the voter is currently registered:

(1) in the precinct in which the voter is offering to vote; or

(2) in a different precinct in the same county as the precinct in which the voter is offering to vote and the voter executes an affidavit stating that the voter:

(A) is a resident of the precinct in which the voter is offering to vote or is otherwise entitled by law to vote in that precinct;

(B) was a resident of the precinct in which the voter is offering to vote at the time the information on the voter's residence address was last provided to the voter registrar;

(C) did not deliberately provide false information to secure registration in a precinct in which the voter does not reside; and

(D) is voting only once in the election.

(b) After the voter is accepted, an election officer shall:

(1) indicate beside the voter's name on the poll list that the voter was accepted under this section; and

(2) enter the voter's name on the registration omissions list.

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1997, 75th Leg., ch. 864, § 57, eff. Sept. 1, 1997; Acts 2011, 82nd Leg., ch. 123 (S.B. 14), § 12, eff. Jan. 1, 2012.

### Historical and Statutory Notes

**2011 Legislation**

Acts 2011, 82nd Leg., ch. 123 (S.B. 14) rewrote this section which prior thereto read:

"Voter With Correct Certificate Who is Not on List

"(a) A voter who, when offering to vote, presents a voter registration certificate indi-

# TAB 5

§ 63.007
Repealed

CONDUCT OF ELECTIONS
Title 6

CONDUCT OF
Title 6

## § 63.007. Repealed by Acts 2011, 82nd Leg., ch. 123 (S.B. 14), § 21 and Acts 2011, 82nd Leg., ch. 1002 (H.B. 2194), § 15, eff. Jan. 1, 2012

### Historical and Statutory Notes

The repealed § 63.007, relating to a voter with an incorrect certificate who is not on list, was derived from:

Acts 1951, 52nd Leg., p. 1097, ch. 492, § 48a.

Acts 1966, 59th Leg., 1st C.S., p. 1, ch. 1, § 2.

Acts 1971, 62nd Leg., p. 2514, ch. 827, § 8.

Acts 1977, 65th Leg., p. 591, ch. 209, § 2.

V.A.T.S. Election Code, art. 5.16a, subd. 2.

Acts 1985, 69th Leg., ch. 211, § 1.

Acts 1997, 75th Leg., ch. 864, § 58.

## § 63.008. Repealed by Acts 2011, 82nd Leg., ch. 123 (S.B. 14), § 21 and Acts 2011, 82nd Leg., ch. 1002 (H.B. 2194), § 15 eff. Jan. 1, 2012

### Historical and Statutory Notes

The repealed § 63.008, relating to voter without certificate who is on list, was derived from:

Acts 1905, 29th Leg., 1st C.S., p. 528, ch. 11, §§ 66, 71.

Rev.Civ.St.1911, arts. 2997, 2998.

Vernon's Ann.Civ.St. arts. 3004, 3005.

Acts 1951, 52nd Leg., p. 1097, ch. 492, §§ 48a, 89, 90.

Acts 1966, 59th Leg., 1st C.S., p. 1, ch. 1, § 2.

Acts 1971, 62nd Leg., p. 2514, ch. 827, §§ 8, 17.

Acts 1975, 64th Leg., p. 2079, ch. 681, § 20.

Acts 1977, 65th Leg., p. 592, ch. 209, §§ 4, 5.

Acts 1977, 65th Leg., p. 1215, ch. 468, § 4.

V.A.T.S. Election Code, arts. 5.16a, subd. 7; 8.07; 8.08.

Acts 1985, 69th Leg., ch. 211, § 1.

Acts 1997, 75th Leg., ch. 864, § 59.

Acts 1997, 75th Leg., ch. 1078, § 7.

Acts 1997, 75th Leg., ch. 1349, § 27.

Acts 2003, 78th Leg., ch. 1315, § 25.

## § 63.009. Voter Without Certificate Who Is Not on List

A voter who does not present a voter registration certificate when offering to vote, and whose name is not on the list of registered voters for the precinct in which the voter is offering to vote, shall be accepted for provisional voting if the voter executes an affidavit in accordance with Section 63.011.

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986. Amended by Acts 1993, 73rd Leg., ch. 728, § 14, eff. Sept. 1, 1993; Acts 1997, 75th Leg., ch. 1078, § 8, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1349, § 28, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 1315, § 26, eff. Jan. 1, 2004; Acts 2011, 82nd Leg., ch. 123 (S.B. 14), § 13, eff. Jan. 1, 2012.

### Historical and Statutory Notes

**2011 Legislation**

Acts 2011, 82nd Leg., ch. 123 (S.B. 14) rewrote this section which prior thereto read:

"Voter Without Certificate Who is Not on List

"(a) Except as provided by Subsection (b), a voter who does not present a voter regis-tration certificate when offering to vote, and whose name is not on the list of registered voters for the precinct in which the voter is offering to vote, shall be accepted for provi-sional voting if the voter executes an affidavit in accordance with Section 63.011.

"(b) If an election officer can determine from the voter registrar that the person is a

128

registered voter
presents proof o
required by Sec
substituted for t
tion 63.011 in c
After the voter i
tion, an electio
beside the voter
the voter was a

Section 25 of
(S.B. 14) provide

"Every provi
application of th
severable from
tion of any prov

**Encyclopedias**

TX Jur. 3d El
Voter.

**Validity 1**

**1. Validity**

Absence of do
as did not sug
interests in prot
guarding voter
for purposes of
(VRA) precleara
identification la
888 F.Supp.2d
133 S.Ct. 2886,
Law ⚍ 622

Under Voting
ance provision,
discriminatory i
gressive effect,
heavily on one
disproportionate
starting point f

## § 63.0101. I

The followin
this chapter:

(1) a drive
card issued t
or that expir

(2) a Uni
photograph t
date of prese

# TAB 6

Drake (Civ.
Courts

damus district
suing primary
ns (Civ.App.
53

Appeals
ction contest
of error, since
be perfected
Civ.App. 1938)
54(6)

no jurisdiction
on writ of
contestants,
up by direct
pp. 1934) 76

als
here trial court
which did not
merely declared
new election
vented from of-
a recount in
d be disregard-
as sufficient to
mary election
uld not render
and case for
v. Ammerman
Appeal and
rror 1177(5)

ction to review
nominations,
Appeals, by a
to 5 of V.A.T.S.
aled; see, now,
Parr v. Cantu
S.W.2d 481.

tween decision
primary election
Supreme Court
s jurisdiction of
and writ of
lie. Farrell v.
error dismissed.

and issues no
gment adjudg-
didate's certifi-
ed in time for
statutory dead-

lines for preparing and conducting general election, or when absentee balloting has begun during pendency of the appeal. Salazar v. Gonzales (App. 13 Dist. 1996) 931 S.W.2d 59. Elections 154(6)

Election contest with regard to primary run-off election for county commissioner was moot where early voting for general election had begun in accordance with statute, even though particular county had not yet mailed ballots to voters as of time of appeal. Salazar v. Gonzales (App. 13 Dist. 1996) 931 S.W.2d 59. Elections 154(6)

### 32. Service of process

Proper service and return made on one of members of school board present when board sought to order election with respect to enlargement of junior college district and declare result gave jurisdiction to trial court in election contest so far as service was concerned, even if service on some of parties did not show proper technical return. Derrick v. County Bd. of Ed. of Donley County (Civ.App. 1963) 374 S.W.2d 259, error dismissed. Colleges and Universities 7

### 33. Parties

Court had jurisdiction to determine school district tax election contest, where members of board returning results of election were named as contestees. Hooker v. Foster, 1928, 117 Tex. 237, 1 S.W.2d 276. Schools 103(2)

Court was without jurisdiction to hear and determine a suit contesting election of municipal school trustees, in view of Const. Art. 5, § 8, and Rev.Civ.St.1911, arts. 3046 to 3078, where contestants showed no interest in subject-matter of suit other than as citizens and voters. Blakemore v. Board of Trustees of Public Free Schools of Galveston (Civ.App. 1924) 262 S.W. 843. Elections 273

### 34. Pleadings

If a court is given jurisdiction to declare an election void or valid, a plea to the jurisdiction grounded alone on the contention that the election is void would present no jurisdictional question. Stephens v. Coffee (Civ.App. 1939) 133 S.W.2d 184. Elections 286

Allegations of parties contesting election to remove county courthouse to another town that majority of qualified voters did not join in petition for election, that result would be against removal, if votes of unqualified persons were eliminated, that election was held within ten years after another election on same question, and that enough ballots against removal were destroyed or not counted to reduce majority below required two-thirds, together with prayers to set aside and annul declared result, were sufficient to invoke district court's jurisdiction to declare election void. Jenson v. Snelson (Civ.App. 1939) 126 S.W.2d 500, dismissed. Counties 35(3)

The district court had jurisdiction to declare election to remove county courthouse to another town void, though contestants' allegation that election was void because of matters taking place before election day constituted surplusage, where they prayed for general relief, as well as judgment annulling votes of disqualified electors. Jenson v. Snelson (Civ.App. 1939) 126 S.W.2d 500, dismissed. Counties 35(3)

### 35. Burden of proof

Burden was on contestees to show that court was without jurisdiction of election contest. Fowler v. Thomas (Civ.App. 1925) 275 S.W. 253, dismissed w.o.j.. Elections 291

### 36. Collateral attack

A judgment in a primary election contest which was void on its face for want of jurisdiction was subject to collateral attack. Iles v. Walker (Sup. 1938) 132 Tex. 6, 120 S.W.2d 418. Elections 154(12)

In action involving the right of a street railroad to remove tracks from certain streets and extend system in other street in which it was claimed that the city had a right to authorize such extension under the charter as amended, the validity of the election at which the charter was amended could not be inquired into, under Rev.Civ.St.1911, art. 3050 (see, now, this section), since the result of the election could not have been attacked in a collateral proceeding. Jones v. Dallas Ry. Co. (Civ.App. 1920) 224 S.W. 807. Municipal Corporations 46

## § 221.003. Scope of Inquiry

(a) The tribunal hearing an election contest shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because:

(1) illegal votes were counted; or

(2) an election officer or other person officially involved in the administration of the election:

125

(A) prevented eligible voters from voting;

(B) failed to count legal votes; or

(C) engaged in other fraud or illegal conduct or made a mistake.

(b) In this title, "illegal vote" means a vote that is not legally countable.

(c) This section does not limit a provision of this code or another statute expanding the scope of inquiry in an election contest.

Acts 1985, 69th Leg., ch. 211, § 1, eff. Jan. 1, 1986.

## Historical and Statutory Notes

**Prior Laws:**

G.L. vol. 10, p. 788.

Acts 1895, p. 58.

Acts 1905, 29th Leg., 1st C.S., p. 556, ch. 11, § 141.

Acts 1909, 31st Leg., 2nd C.S., p. 452, § 141.

Rev.Civ.St.1911, arts. 3062, 3063, 3071, 3131, 3148, 3149, 3151, 3152, 3154 to 3158.

Acts 1911, 32nd Leg., p. 144.

Acts 1931, 42nd Leg., p. 395, ch. 241, § 2.

Acts 1941, 47th Leg., p. 466, ch. 292, § 1.

Acts 1941, 47th Leg., p. 467, ch. 293, § 1.

Acts 1941, 47th Leg., p. 1400, ch. 635, §§ 5, 8 to 11.

Vernon's Ann.Civ.St. arts. 3053, 3054, 3061, 3072, 3130, 3147, 3148, 3150, 3152, 3153.

Acts 1951, 52nd Leg., p. 1097, ch. 492, §§ 142, 143, 150, 161, 208.

Acts 1979, 66th Leg., p. 1836, ch. 748, § 1.

V.A.T.S. Election Code, arts. 9.14, 9.15, 9.22, 9.33, 13.30(9).

## Cross References

Illegal votes subtracted, see V.T.C.A., Election Code § 221.011.
Illegal voting, offense, see V.T.C.A., Election Code § 64.012.

## Law Review and Journal Commentaries

Annual survey of Texas law: Election law. Charles L. Babcock and Michael H. Collins, 35 Sw.L.J. 422 (1981).

Consideration of illegal votes in legislative election contests. Robert A. Junell, Curtis L.

Seidlits, Jr., and Glen G. Shuffler, 28 Tex.Tech L.Rev. 1095 (1997).

Statutory election contest under Texas Election Code. Josiah Wheat, 21 Tex.B.J. 629 (1958).

## Library References

Elections ⊝154(1), 297.
Westlaw Topic No. 144.
C.J.S. Elections §§ 254 to 255, 348, 486 to 504, 509, 518 to 520.

C.J.S. Juries § 60.

## Research References

**ALR Library**

155 ALR 677, Treatment of Excess or Illegal Ballots When it is Not Known for Which Candidate or on Which Side of a Proposition They Were Cast.

**Encyclopedias**

TX Jur. 3d Elections § 10, Validity of Election as Dependent on Compliance with Statutes and Regulations.

TX Jur. 3d Elections § 109, Evidence; Presumptions.

TX Jur. 3d Elections § 283, Effect of Voting at Polling Place in Precinct Other Than Where Voter Resides.

TX Jur. 3d Elections § 357, Scope of Inquiry.

TX Jur. 3d Elections § 389, Burden of Proof.

TX Jur. 3d Elections § 428, Judgment.

TX Jur. 3d Elections § 455, Illegal Voting; Prohibition Against Certain Written Communications.

**Forms**

Texas Jurisprudence Pleading & Practice Forms 2d Ed § 103:27, Introductory Comments.

Texas Jurisprudence Pleading & Practice Forms 2d Ed § 103:42, Pleading Guide--Checklist--Matters to Consider in Action to Contest Election.